UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**WESTERN SURETY COMPANY,**

    **Plaintiff,**

v.                                                   CIVIL NO. 2:11cv408

**MARCO ENTERPRISES, INC.,**
**et al.,**

    **Defendants.**

### MEMORANDUM ORDER

This case comes before the court on a Motion to Transfer Venue to the United States District Court for the Eastern District of Virginia, Alexandria Division ("Motion"), of the defendants, Marco Enterprises, Inc., and Donna P. Seaton-Fagon. For the reasons set forth herein, the Motion is **GRANTED**.

### I. Procedural History

The plaintiff, Western Surety Company, brought suit against Marco Enterprises, Inc., and its president, Donna P. Seaton-Fagon, on July 20, 2011, relating to three construction contracts performed by Marco Enterprises. The plaintiff is a South Dakota corporation, with its principal place of business also located in South Dakota. Marco Enterprises, Inc., is a Maryland corporation, with its principal place of business in Maryland. Donna P. Seaton-Fagon is a citizen of Maryland.

Diversity jurisdiction is proper under 28 U.S.C. § 1332, as the plaintiff is completely diverse from the defendants and the amount in controversy exceeds $75,000.

The plaintiff alleged in its complaint that venue in this court is appropriate under 28 U.S.C. § 1391, because a substantial part of the events or omissions in the underlying claim occurred within Eastern District of Virginia. Pl.'s Am. Compl. ¶ 5, ECF No. 19. The plaintiff alleges that the defendants breached contracts relating to three separate construction projects, one located in Virginia Beach, Virginia, and the other two located in the District of Columbia. See id. ¶ 8.

The defendants filed their Motion to Transfer Venue on August 17, 2011. The Motion is unopposed, and therefore is now ripe for decision.

## II. Analysis

The defendants bring their Motion pursuant to 28 U.S.C. § 1404(a) and Local Rule 3. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In deciding whether to grant a motion to transfer venue, this court must conduct the following two inquiries: "'(1) whether the claims might have been brought in the transferee forum; and (2)

whether the interest of justice and convenience of the parties and witnesses justify transfer to that forum.'" JTH Tax, Inc. v. Lee, 482 F. Supp. 2d 731, 735 (E.D. Va. 2007) (quoting Koh v. Microtek Int'l, Inc., 250 F. Supp. 2d 627, 630 (E.D. Va. 2003)). The defendants spend the entirety of their argument on the second of these criteria, citing the proximity of the Alexandria Division to likely witnesses, counsel, and the largest construction project underlying the suit. However, the court must first assess whether the action could have been brought in the Alexandria Division in the first place.

Local Rule 3(C) provides the proper basis for this determination:

> Civil actions for which venue is proper in this district shall be brought in the proper division, as well. The venue rules in 28 U.S.C. § 1391 et seq. also shall apply to determine the proper division in which an action shall be filed. For the purpose of determining the proper division in which to lay venue, the venue rules stated in 28 U.S.C. § 1391 et seq. shall be construed as if the terms "judicial district" and "district" were replaced with the term "division."

Applying Local Rule 3(C) to 28 U.S.C. § 1391(a), the applicable venue rule reads as follows:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a [division] where any defendant resides, if all defendants reside in the same State, (2) a [division] in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a [division] in which any defendant

3

> is subject to personal jurisdiction at the time the action is commenced, if there is no [division] in which the action may otherwise be brought.

The transfer statute, 28 U.S.C. § 1404(a), already references both districts and divisions, and therefore does not need to be adjusted pursuant to Local Rule 3(C). Cf. Mullins v. Equifax Info. Services, LLC, No. 3:05CV888, 2006 U.S. Dist. LEXIS 24650, at *9-*13 (E.D. Va. Apr. 28, 2006) (construing Local Rule 3(C) similarly to determine proper venue in a non-diversity case under 28 U.S.C. § 1391(b)).

Applying this substituted version of 28 U.S.C. § 1391(a) to this case, it is clear that venue did not properly lie in the Alexandria Division, in the first instance, and, therefore, transfer under 28 U.S.C. § 1404(a) is unavailable. First, venue is not proper under 28 U.S.C. § 1391(a)(1), because the defendants do not both reside within Virginia; Donna P. Seaton-Fagon is a citizen of Maryland.[1] See Defs.' Mem. in Supp. of Defs.' Mot. to Transfer Venue 1, ECF No. 5. Second, there are no indications in the pleadings that "a substantial part of the events or omissions giving rise to the claim occurred" within the Alexandria Division. The contracts at issue concerned projects located outside the division, in Virginia Beach and the

---

[1] Defendant Marco Enterprises, Inc., may reside within the Alexandria Division, as it appears from the pleadings that service occurred in Alexandria and, under 28 USC § 1391(c), a corporation resides anywhere it is subject to personal jurisdiction at the time the action is commenced.

District of Columbia, and no facts are alleged that provide any additional connections. See id. One of the three underlying contracts concerned a project in Virginia Beach, within the Norfolk Division, and thus the Norfolk Division is a proper venue. The Alexandria Division is not a division in which this case "might have been brought," therefore, transfer under 28 U.S.C. § 1404(a) would be improper. However, transfer under 28 U.S.C. § 1404(b) is proper,[2] as all of the parties agree to the transfer.[3] See Defs.' Mot. to Transfer Venue 1, ECF No. 4; cf. Mullins v. Equifax Info. Services, LLC, 2006 U.S. Dist. LEXIS 24650, at *14 (noting that the opposition of another party to a motion to transfer venue made § 1404(b) inapplicable).

---

[2] Section 1404(b) states:

> Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district.

Thus, under § 1404(b), the defendants would not need to show the suit could have been brought in the transferee division.

[3] The court is perplexed as to why the defendants did not seek transfer under 28 U.S.C. § 1404(b), given that the plaintiff in this case does not oppose transfer.

For the foregoing reasons, the Motion is **GRANTED**. This case is hereby **TRANSFERRED** to the Alexandria Division of the United States District Court for the Eastern District of Virginia. The Clerk is **DIRECTED** to send a copy of this Memorandum Order to counsel for the parties and to effect the transfer of the case to the Alexandria Division.

It is so **ORDERED**.

/s/
Rebecca Beach Smith
United States District Judge

Rebecca Beach Smith
United States District Judge

Norfolk, Virginia
September 22, 2011